IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 7:24-cr-1 |
| : | |
| **BRANDON HAYWARD** : | |

**OPINION AND ORDER**

Defendant Brandon Hayward ("Defendant") moves this court to overturn the Magistrate Judge's Order of Detention Pending Trial (Dkt. 31) and to release him on bond. Dkt. 42. After a careful de novo review of the evidentiary record and the arguments of counsel, I conclude that there are simply no conditions of pretrial release that would reasonably assure the safety of any person and the community.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

Defendant is currently charged in a three-count indictment alleging that he willfully made threats to an employee of InFirst Federal Credit Union in Roanoke, Virginia, in violation of 18 U.S.C. §§844(e) and 875(c). Dkt. 32. Defendant was previously indicted on these same charges in November 2022. Case No. 7:22-cr-40, Dkt. 18. In December 2022, the Court found Defendant incompetent to stand trial and committed Defendant to the custody of the Attorney General to restore his competency. Case No. 7:22-cr-40, Dkt. 25. The indictment was eventually dismissed without prejudice in June 2023, due to the Attorney General's failure to comply with the time limits of hospitalization for restoration to mental competence as contemplated by the Insanity Defense Reform Act, 18 U.S.C. § 4241, et seq. *Id.*, Dkt. 57. Defendant was released from custody in June 2023 and was later arrested on the same charges in December 2023.

The Honorable C. Kailani Memmer, United States Magistrate Judge, held a preliminary and detention hearing on December 18, 2023, and entered an order of detention. Dkt. 15, 19, 31. At the hearing, Judge Memmer heard live testimony from Department of Homeland Security Special Agent Thomas F. McNutt, from the InFirst Credit Union employee who received the threatening phone calls, and from Defendant's mother Sheila Jackson. Judge Memmer also listened to an audio recording of the phone call underlying the charged offenses.

The evidence reflected that Defendant was charged with multiple instances of assaulting women in the spring and summer of 2022. Specifically, Defendant was charged with assault and battery in March 2022 in Prince William County when he assaulted a woman on a sidewalk; he was charged with assault and battery and abduction by force in Prince William County in August 2022, when he attacked women at his apartment leasing office; and he was charged with the current offenses when he allegedly called the InFirst Credit Union and made extreme, bizarre and threatening statements to an employee in August 2022.[1]

Defendant has an extensive mental health history. Defendant was not being treated for his mental illness during the March through August 2022 timeframe. He was living in the same apartment complex as his mother, and she testified that she visited him regularly. Defendant was found incompetent to stand trial by the Court in December 2022, but the case was dismissed without prejudice because the government was unable to comply with statutory requirements for competency restoration.

Defendant received mental health treatment while incarcerated. After he was released from custody in June 2023, he lived with his mother and continued receiving mental health treatment. Ms. Jackson testified that Defendant took his medications regularly, and she

---

[1] The evidence reflects that Defendant pled guilty to the March 2022 charges in Prince William County. The August 2022 state charges were nolle prossed because Defendant was in Federal custody.

2

transported him to his doctor appointments. However, there is also evidence that despite being medicated and receiving mental health treatment, Defendant made several unsolicited and bizarre phone calls in December 2023 to the unlisted personal cell phone number of the same InFirst Credit Union employee that he previously threatened, causing her to seek a protective order against him.

The evidence further reflected that Ms. Jackson was untruthful to federal agents on two occasions when they asked for Defendant's location to arrest him in December 2023. Ms. Jackson explained that at the time she spoke with federal agents she was not working and that she was under extreme stress from the recent loss of another son.

Considering the evidence, Judge Memmer found that the government met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.[2] Judge Memmer explained:

> Defendant has made violent, severe and frightening threats to victims in this case and recently followed up on an earlier threat to find a victim and contacted her on her private cell phone. The court found the audio presentation of over 11 minutes of the August 15, 2022 phone call compelling. One victim on the call testified and expressed [that she] feared for her and her family's safety after a subsequent call earlier this month. The weight of the evidence against the defendant is strong as there is strong evidence that was offered to the court as to the phone calls made, recognition of the of the defendant's voice, characteristics of the defendant's mannerism and laugh, and disclosure by the defendant of personal identifiers and account information link him to these calls.
>
> The history and characteristics of the defendant, including his prior criminal history and unstable (and violent) mental health episodes, weigh in favor of detention. Defendant was charged with and convicted of other physical assaults on women such as assault and battery on multiple occasions. Additionally, the defendant's prior behavior demonstrates a pattern of failing to comply with the law or rules of the court and supervision by probation. The history of such failures date back to 2011 and the defendant failed to appear in both 2022 and 2022 in Prince William County (VA).

---

[2] Judge Memmer did not find that Defendant was a flight risk. Dkt. 19.

> The recent activity (another phone call to a victim's unlisted cell phone number) is concerning to the court as to the safety of the community, especially in light of the defendant's evidence that he has been on medication and mentally stable since June, 2023. The Court does not find that Ms. Jackson, defendant's mother, would be a good candidate as third party custodian due to the fact that she would not be able to control her son and his actions, and also concern with her dishonesty when a HSI agent was trying to locate her son to be served on his warrant.
>
> Due to this and other evidence presented at the hearing and in the PTSR, the defendant is ordered detained and remanded to the custody of the USMS.

Dkt. 19.

Defendant moved for reconsideration of Judge Memmer's Order of Detention pending trial, arguing that Judge Memmer erred by considering his two prior charges for failing to appear in Prince William County in 2022 and 2023 because the final disposition of those charges was "nolle prosequi." Dkt. 23. On January 2, 2024, Judge Memmer denied Defendant's motion to reconsider, noting that the final disposition of the Prince William County charges was not new information because it was known to Defendant at the time of his initial detention hearing, and that the failure to appear charges were only one of many considerations that she considered in denying bond. Dkt. 30.

Defendant filed a Motion to Review Detention Order, arguing that his history and characteristics mitigate against detention and that conditions of release can reasonably assure the safety of the community and the alleged victims. Dkt. 42. The government filed an opposition to the motion and this matter is ripe for decision.

II. **STANDARD OF REVIEW**

When a magistrate judge orders the detention of a criminal defendant, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the original detention

order de novo. *See United States v. Stewart,* 19 Fed. App'x 46, 48 (4th Cir. 2001). The question becomes whether the evidence as a whole supports the conclusions of the proceedings below. *Id.* But the reviewing court may rely on the record from the original bond hearing and is not required to conduct a second evidentiary hearing. *See United States v. Jackson*, No. 7:19-CR-126-FL-2, 2019 WL 4689144, at *1 (E.D.N.C. Sept. 25, 2019). Having carefully reviewed the parties' written submissions, the Pretrial Services Report, and the audio of the detention hearing, the court finds that a second hearing and additional oral argument would not aid its decisional process.

The court must determine "whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). To secure pretrial detention, the government must establish either: (1) by clear and convincing evidence, that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence, that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings, *United States v. Stewart*, 19 F. App'x at 48. Ultimately, "[f]or pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Id.*

In determining whether conditions of release can reasonably assure the safety of the community or the defendant's appearance at future court proceedings, the court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, among other things, the defendant's

"character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings," and probation status at the time of the alleged offense; and (4) the nature and seriousness of the danger that the defendant's release would present to any person or the community. 18 U.S.C. § 3142(g).

### III.     ANALYSIS

In considering Defendant's request for bond de novo I reviewed the detention hearing recording, the parties' submissions, and Judge Memmer's detention order. I find that Judge Memmer properly considered the government's motion for detention as well as the § 3142(g) factors in ordering Defendant's detention. Reviewing the hearing testimony, Judge Memmer specifically considered the strong evidence against Defendant; the impact his mental health likely had on his actions in 2022; the current status of his mental health medication and treatment; and whether Defendant's mother would be an appropriate and effective third-party custodian. Judge Memmer's order explains in detail why she found that no conditions or combination of conditions would reasonably assure the safety of any other person and the community.

Reviewing the evidence de novo, I agree with Judge Memmer's conclusion that there are no conditions or combination of conditions of pretrial release which will reasonably assure the safety of any other person and the community.  The nature of the offenses charged is concerning as they involve extreme and detailed threats of violence towards specific women and the community at large.  The weight of the evidence relating to the charges in the Indictment is strong. Defendant identified himself by name and other personal identifying information during the August 2022 phone call to InFirst Credit Union, and testimony reflects that Defendant's voice

and manner of speaking is well known to the InFirst Credit Union employee who received the call and the more recent December 2023 calls.

Regarding Defendant's history and characteristics, Defendant has a documented pattern of aggression towards women. I am particularly concerned with testimony regarding Defendant's alleged continued attempts to contact the InFirst Credit Union employee in December 2023, through her unlisted personal cell phone number, at a time when Defendant's mother testified that he was on his mental health medication and receiving mental health treatment. Defendant's mother testified that he was medicated while incarcerated and continued to be medicated and stable after his release in June 2023. The government has raised valid concerns as to the potential for Defendant to continue engage in threatening or dangerous behavior if the court imposes conditions of release.

I do not find Defendant's proposed home plan of living with his mother and having her serve as a third-party custodian sufficient to address the government's concerns. Defendant's past charges occurred while he was either living with or in close frequent contact with his mother. The evidence does not support a conclusion that Defendant's mother has the influence necessary to impact or control Defendant's behavior. I do not believe that there are any combination of bond conditions that would sufficiently address the government's legitimate concerns and reasonably assure the safety of the community.

I acknowledge and understand Defendant's argument that he already spent substantial time incarcerated for these charges in 2022. I also recognize that Defendant is not charged currently with any conduct related to the December 2023 phone calls and that those calls were alleged to be bizarre but not threatening. However, the calls were made to the personal cell phone of the same InFirst Credit Union employee that Defendant previously threatened with physical

harm, and the calls were made at a time when Defendant was receiving mental health treatment and was allegedly mentally stable. Considering and applying the factors laid out in 18 U.S.C. § 3142(g), I conclude that the government has satisfied its burden of proving by clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure the safety of any person in the community.

## IV. CONCLUSION

It is **ORDERED** that defendant's Motion to Revoke Detention Order (Dkt. 42) is **DENIED** and the Order of Detention is **AFFIRMED**.

Entered: March 20, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge