CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 21, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 7:24-cr-1 |
| : | |
| **BRANDON HAYWARD** : | |

**MEMORANDUM OPINION**

On May 14, 2024, a jury found defendant Brandon Hayward guilty of two counts of knowingly transmitting in interstate commerce a threat to injure the person of another under 18 U.S.C. § 875(c). Dkt. 91. During the trial, Defendant moved for a judgment of acquittal as to both counts pursuant to Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's evidence. The court took the motion under advisement, and the trial continued. The jury ultimately returned a verdict of guilty on both counts.

**I.**

Rule 29 of the Federal Rules of Criminal Procedure states that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Rule further provides that a court can reserve decision on a motion for acquittal until after the jury returns a verdict or is otherwise discharged. Fed. R. Crim. P. 29(b). When, as here, the court reserves decision on a Rule 29 motion made at the close of the government's case, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

"A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the

charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalis v. Pennsylvania*, 476 U.S. 140, 144 (1986)). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). Accordingly, a court must deny a defendant's motion if the evidence presented at trial, viewed in the light most favorable to the government, is sufficient for a rational juror to find each element of the offense beyond a reasonable doubt. *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

For purposes of a Rule 29 motion, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). In weighing inconsistencies, "[w]e also assume that the jury resolved all contradictions in the testimony in favor of the government." *United States v. Moye*, 454 F.3d 390, 394 (4th Cir. 2006) (citing *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002)).

## II.

Defendant moved for a judgment of acquittal under Rule 29 on both counts, arguing that the government's evidence was insufficient as to all three of the elements required to prove a charge under 18 U.S.C. § 875(c): that defendant transmitted a communication in interstate or

foreign commerce; that defendant acted with a sufficiently culpable mental state; and that the communication constituted a "true threat" to injure.

Defendant argued that while the government's evidence established that the InFirst Federal Credit Union used a Voice Over IP phone system with servers in Michigan and Montana, there was no evidence that Defendant's phone call made in Virginia to an InFirst Federal Credit Union employee located in Virginia traveled across state lines. Defendant also argued that there was no evidence that he acted purposefully, knowingly or recklessly; and that the government did not establish that a reasonable person would be in fear because of Defendant's statements.

The government countered that the testimony of witnesses Roseanne Watson and Larry Nichols established that InFirst Federal Credit Union uses a Voice Over IP telephone system and that all phone calls received by the bank travel over the internet. Specifically, Roseanne Watson testified that MDT is InFirst Federal Credit Union's exclusive internet service provider, and Larry Nichols testified that MDT servers send all internet traffic, including incoming phone calls, to Michigan.

Regarding Defendant's mental state, the government argued that there was ample evidence that Defendant purposefully communicated a threat as evidenced by the recording of the phone call reflecting his words, volume of speech, type of threats, and amounts of threats. The government asserted that Defendant's words reflected that he knew his statements were being perceived as threats, including his statement "even if I threatened you," to one of the witnesses. The government also argued that the "true threat" element is satisfied by Defendant's statements alone and the horrific threats of sexual and physical violence. The government also pointed to the witnesses' testimony that they were fearful and that fear was evidenced by their emotions and actions.

I find that the government's evidence, viewed in the light most favorable to the government, is sufficient for a rational juror to find each element of the offenses beyond a reasonable doubt. The testimony of witnesses Roseanne Watson and Larry Nichols that all phone calls to and from InFirst Federal Credit Union travel over the internet and InFirst Federal Credit Union's exclusive internet service provider sends all internet traffic to servers located outside of Virginia, was sufficient for a rational juror to find that Defendant's communication was transmitted in interstate commerce. The audio recording of the phone call exhibiting Defendant's specific statements along with his speaking tone, volume and demeanor, when viewed in the light most favorable to the government, is sufficient for a reasonable juror to find that Defendant had the necessary culpable mental state. As to the "true threat" element, the recording of the phone call containing Defendant's statements and the testimony of witnesses Lauren Budlong and Jamie Priest more than sufficiently established that a reasonable listener, familiar with the context, would interpret the communication as a serious expression of an intent to do harm.

Accordingly, based on the government's evidence presented at trial, there is plainly sufficient evidence for a reasonable juror to find Defendant guilty of the two counts of transmitting a threat in interstate commerce to injure the person of another in violation of 18 U.S.C. §875(c). Defendant's motion for judgment of acquittal under Rule 29 as to Counts Two and Three of the Indictment is **DENIED**. An appropriate Order will be entered.

Entered: May 21, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge